IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID GRITZ, individually and on behalf )
of all others similarly situated, )
)
    *Plaintiff*, )    Civ. Action No. 5:16-cv-01437-JFL
)
v. )
)
LENDTUIT HOLDING CORPORATION, )
a California corporation, FINANCE )
STORE, INC., a Nevada corporation, )
FINANCE AGENTS, INC., a California )
corporation, and TIMOTHY "TIM" )
MCCORMACK, individually, )
)
    *Defendants*. )
_____ )

## DEFENDANTS LENDTUIT HOLDING COPORATION AND TIMOTHY "TIM" MCCORMACK'S ANSWER TO CLASS ACTION COMPLAINT

Defendants Lendtuit Holding Corporation ("Lendtuit") and Timothy "Tim" McCormack ("McCormack") (hereinafter, "Defendants"), by and through their attorneys, hereby answer the Class Action Complaint (the "Complaint") brought by Plaintiff David Gritz (hereinafter, "Plaintiff"), as follows:

## NATURE OF THE ACTION

1.    Defendants admit the allegations contained in paragraph 1 of the Complaint.

2.    Defendants lack knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 2 of the Complaint.

3.    Defendants lack knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 3 of the Complaint.

4.    Defendants admit the allegations contained in paragraph 4 of the Complaint.

5.    Defendants deny the allegation contained in paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in paragraph 6 of the Complaint.

7. Defendants deny the allegations contained in paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in paragraph 8 of the Complaint.

9. The allegations contained in Paragraph 9 discuss Plaintiff's intent regarding the filing of the Complaint and do not require a response from Defendants. To the extent a response is required, Defendants deny that Plaintiff's case is entitled to class treatment and denies these class action allegations have any legal merit.

## PARTIES

10. Defendants lacks knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint.

12. Defendants lack knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 12 of the Complaint.

13. Defendants lack knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 13 of the Complaint.

14. Defendants lack knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 14 of the Complaint.

15. Defendants admit that Timothy McCormack is an individual, and the founder, President, and CEO of Lendtuit Holding Corporation. Defendants deny the remaining allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants lack knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 18 of the Complaint.

19. Defendants lack knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 19 of the Complaint.

20. To the extent that Paragraph 20 of the Complaint quotes from McCormack's online profile, Defendants note that the profile speaks for itself and is the best evidence of its content.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

## JURISDICTION AND VENUE

22. Defendants admit that Plaintiff purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1331. Furthermore, the allegations in Paragraph 22 are conclusions of law for which no response is required.

23. The allegations contained in Paragraph 23 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that they committed any unlawful acts in the Eastern District of Pennsylvania.

24. The allegations contained in Paragraph 24 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that they committed or directed any unlawful acts in the Eastern District of Pennsylvania.

25. The allegations contained in Paragraph 25 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 25 of the Complaint.

## COMMON FACTUAL ALLEGATIONS

26. Defendants admit that Lendtuit is a business funding holding corporation. To the extent that Paragraph 26 of the Complaint quotes from Lendtuit's website, Defendants note that the website speaks for itself and is the best evidence of its content. Defendants deny the remaining allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. The allegations contained in Paragraph 31 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 31 of the Complaint.

## FACTS SPECIFIC TO PLAINIFF GRITZ

32. Defendants lack knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 32 of the Complaint.

33. Defendants lack knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 33 of the Complaint.

34. Defendants lack knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 34 of the Complaint.

35. Defendants lack knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 35 of the Complaint.

36. Defendants lack knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 36 of the Complaint.

37. Defendants lack knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 37 of the Complaint.

38. Defendants lack knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 38 of the Complaint.

39. Defendants lack knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 39 of the Complaint.

40. Defendants lack knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint..

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

**CLASS ACTION ALLEGATIONS**

43. The allegations contained in Paragraph 43 discuss Plaintiff's intent regarding the filing of the Complaint and do not require a response from Defendants. To the extent a response is required, Defendants deny that Plaintiff's case is entitled to class treatment and deny these class action allegations have any legal merit.

44. The allegations contained in Paragraph 44 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiff's case is entitled to class treatment and deny these class action allegations have any legal merit.

45. The allegations contained in Paragraph 45 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiff's case is entitled to class treatment and deny these class action allegations have any legal merit.

46. The allegations contained in Paragraph 46, including subparts (a) through (d) are legal conclusions to which no response is required. To the extent a response is required,

Defendants deny that Plaintiff's case is entitled to class treatment and deny these class action allegations have any legal merit.

47. The allegations contained in Paragraph 47 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiff's case is entitled to class treatment and deny these class action allegations have any legal merit.

48. Defendants lack knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 48 of the Complaint, and therefore deny the same.

49. The allegations contained in Paragraph 49 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiff's case is entitled to class treatment and deny these class action allegations have any legal merit.

50. The allegations contained in Paragraph 50 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiff's case is entitled to class treatment and deny these class action allegations have any legal merit.

51. The allegations contained in Paragraph 51 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiff's case is entitled to class treatment and deny these class action allegations have any legal merit.

## CAUSE OF ACTION
## VIOLATION OF 47 U.S.C. § 227
**(On behalf of Plaintiff and the Autodialed No Consent Class)**

52. Defendant repeats, realleges and incorporates by reference each and every response contained in this Answer as if set forth fully and again herein.

53. The allegations contained in Paragraph 53 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. The allegations contained in Paragraph 54 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. The allegations contained in Paragraph 55 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. The allegations contained in Paragraph 56 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. The allegations contained in Paragraph 57 are legal conclusions to which no response is required.

## AS TO PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Plaintiff, or any member of the putative class, is entitled to any relief whatsoever, including, but not limited to, any judgment or decree that the present case may be properly maintained as a class action, any monetary damages, injunctive relief, pre-judgment interest, attorneys' fees or costs.

## AFFIRMATIVE DEFENSES

Defendants in the alternative, and without prejudice to the denials and other statements made in their Answer to Plaintiff's Complaint, states the following Affirmative Defenses. By setting forth these affirmative defenses, Defendants do not assume the burden of proof as to any fact issue or other element of any cause of action for which Plaintiff bears the burden of proof. Moreover, Defendants reserve the right to rely upon additional defenses to claims asserted by

Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Complaint and each purported claim contained therein are barred to the extent that Plaintiff or any member of the putative class provided consent for the alleged telephone messages.

## THIRD DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, ratification, and/or applicable statutes of limitations.

## FOURTH DEFENSE

Plaintiff's damages, and the damages of the putative class members, if any, have been caused by their own action or inaction, including, but not limited to, his/their provision of prior express consent to receive calls.

## FIFTH DEFENSE

Plaintiff and the putative class members have failed to mitigate their damages.

## SIXTH DEFENSE

Interpretations of the TCPA upon which Plaintiff's Complaint is based are unconstitutionally vague and overbroad and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provisions of the Fourteenth Amendment to the United States Constitution.

## SEVENTH DEFENSE

Any purported damages to Plaintiff or the putative class members, which Defendants deny, are the result of the acts or omissions of persons or entities over which Defendants have neither control nor responsibility.

## EIGHTH DEFENSE

Defendants may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed class. Defendants reserve the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

## NINTH DEFENSE

The statutory penalties sought by Plaintiff and members of the putative class are excessive and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provision of the Fourteenth Amendment to the United States Constitution.

## TENTH DEFENSE

The matters that are the subject of this Complaint and the actions therein complained of are attributable to third parties over whom Defendants have no control or right to control, and recovery therefore is barred or limited.

## ELEVENTH DEFENSE

Defendants are not liable to Plaintiff or members of any putative class because Defendants acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

## TWELFTH DEFENSE

The Complaint and each purported claim contained therein are barred to the extent that Plaintiff or any member of the putative class lacks standing.

## THIRTEENTH DEFENSE

The Complaint and each purported claim contained therein are barred to the extent that the alleged telephone calls were not transmitted through an ATDS.

**WHEREFORE,** Defendants demand that the Complaint be dismissed in its entirety; that Plaintiff be ordered to pay Defendants' costs and attorneys' fees; and that Defendants be awarded such other and further relief as may be deemed just and proper.

Dated: June 3, 2016

Respectfully submitted,

/s/ Charles A. Fitzpatrick
CHARLES A. FITZPATRICK
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
Tel: (215) 569-5578
Fax: (215) 832-5578

Joshua Briones (CA SBN 205293) (*pro hac vice forthcoming*)
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
2029 Century Park East, Suite 1370
Los Angeles, CA 90067
Telephone: 310-586-3200
Facsimile: 310-586-3202
Email: jbriones@mintz.com

Counsel for Defendants
LENDTUIT HOLDING CORPORATION and
TIMOTHY "TIM" MCCORMACK

48302978v.1

**CERTIFICATE OF SERVICE**

I, Charles A. Fitzpatrick, hereby certify that on June 3, 2016, the attached Answer to Plaintiff's Complaint was filed with the Clerk of Court and is available for viewing and downloading from the ECF system by the following counsel of record:

Barry L. Cohen
(bcohen@rccblaw.com)
101 W Elm Street, Suite 220
Conshohocken, PA 19428
Tel.: (484) 362-2628
Fax: 484-362-2630

Steven L. Woodrow
(swoodrow@woodrowpeluso.com)
Patrick H. Peluso
(ppeluso@woodrowpeluso.com)
Woodrow & Peluso, LLC
3900 East Mexico Ave•9 Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Stefan Coleman
(Law@StefanColeman.com)
LAW OFFICES OF STEFAN COLEMAN, LLC
201 S. Biscayne Blvd, 28th Floor,
Miami, Fl 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8945

   /s/ Charles A. Fitzpatrick
   Charles A. Fitzpatrick