## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID GRITZ, individually and on behalf )
of all others similarly situated, )
                                  )
       *Plaintiff,*          )       Civ. Action No. 5:16-cv-01437-JFL
                                  )
v.                               )
                                  )
LENDTUIT HOLDING CORPORATION, )
a California corporation, FINANCE )
STORE, INC., a Nevada corporation, )
FINANCE AGENTS, INC., a California )
corporation, and TIMOTHY "TIM" )
MCCORMACK, individually, )
                                  )
       *Defendant.*         )
                                  )

## DEFENDANT FINANCE AGENTS, INC.'S ANSWER TO CLASS ACTION COMPLAINT

     Defendant Finance Agents, Inc. (hereinafter, "Defendant"), by and through its attorneys, hereby answer the Class Action Complaint (the "Complaint") brought by Plaintiff David Gritz (hereinafter, "Plaintiff"), as follows:

### NATURE OF THE ACTION

     1.     Defendant lacks knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 1 of the Complaint.

     2.     Defendant lacks knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 2 of the Complaint.

     3.     Defendant denies the allegations contained in paragraph 3 of the Complaint.

     4.     Defendant lacks knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 4 of the Complaint.

     5.     Defendant denies the allegations contained in paragraph 5 of the Complaint.

6.      Defendant denies the allegations contained in paragraph 6 of the Complaint.

7.      Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.      Defendant denies the allegations contained in paragraph 8 of the Complaint.

9.      The allegations contained in Paragraph 9 discuss Plaintiff's intent regarding the filing of the Complaint and do not require a response from Defendant.  To the extent a response is required, Defendant denies that Plaintiff's case is entitled to class treatment and denies these class action allegations have any legal merit.

## PARTIES

10.     Defendant lacks knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 10 of the Complaint.

11.     Defendant lacks knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 11 of the Complaint.

12.     Defendant lacks knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 12 of the Complaint.

13.     Defendant denies that it is a "marketing lead generator."  Defendant admits that its principal place of business is at 2040 Main St. Suite 175, Irvine, CA 92614.

14.     Defendant denies the allegations contained in paragraph 14 of the Complaint.

15.     Defendant lacks knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.     Defendant admits the allegations contained in paragraph 18 of the Complaint.

19.     Defendant lacks knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 19 of the Complaint.

20.     Defendant lacks knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in paragraph 21 of the Complaint.

## JURISDICTION AND VENUE

22.     Defendant admits that Plaintiff purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1331. Furthermore, the allegations in Paragraph 22 are conclusions of law for which no response is required.

23.     The allegations contained in Paragraph 23 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it committed any unlawful acts in the Eastern District of Pennsylvania.

24.     The allegations contained in Paragraph 24 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it committed or directed any unlawful acts in the Eastern District of Pennsylvania.

25.     The allegations contained in Paragraph 25 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 25 of the Complaint.

## COMMON FACTUAL ALLEGATIONS

26.     Defendant lacks knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in paragraph 28 of the Complaint.

29.    Defendant denies the allegations contained in paragraph 29 of the Complaint.

30.    Defendant denies the allegations contained in paragraph 30 of the Complaint.

31.    The allegations contained in Paragraph 31 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 31 of the Complaint.

## FACTS SPECIFIC TO PLAINIFF GRITZ

32.    Defendant lacks knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 32 of the Complaint.

33.    Defendant lacks knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 33 of the Complaint.

34.    Defendant lacks knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 34 of the Complaint.

35.    Defendant lacks knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 35 of the Complaint.

36.    Defendant lacks knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 36 of the Complaint.

37.    Defendant lacks knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 37 of the Complaint.

38.    Defendant lacks knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 38 of the Complaint.

39.    Defendant lacks knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 39 of the Complaint.

40.     Defendant lacks knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in paragraph 42 of the Complaint.

## CLASS ACTION ALLEGATIONS

43.     The allegations contained in Paragraph 43 discuss Plaintiff's intent regarding the filing of the Complaint and do not require a response from Defendant. To the extent a response is required, Defendant denies that Plaintiff's case is entitled to class treatment and denies these class action allegations have any legal merit.

44.     The allegations contained in Paragraph 44 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff's case is entitled to class treatment and denies these class action allegations have any legal merit.

45.     The allegations contained in Paragraph 45 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff's case is entitled to class treatment and denies these class action allegations have any legal merit.

46.     The allegations contained in Paragraph 46, including subparts (a) through (d) are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff's case is entitled to class treatment and denies these class action allegations have any legal merit.

47.     The allegations contained in Paragraph 47 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff's case is entitled to class treatment and denies these class action allegations have any legal merit.

48.     Defendant lacks knowledge or information sufficient to form a belief with regard to the allegations contained in paragraph 48 of the Complaint, and therefore denies the same.

49.     The allegations contained in Paragraph 49 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff's case is entitled to class treatment and denies these class action allegations have any legal merit.

50.     The allegations contained in Paragraph 50 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff's case is entitled to class treatment and denies these class action allegations have any legal merit.

51.     The allegations contained in Paragraph 51 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff's case is entitled to class treatment and denies these class action allegations have any legal merit.

### CAUSE OF ACTION
### VIOLATION OF 47 U.S.C. § 227
### (On behalf of Plaintiff and the Autodialed No Consent Class)

52.     Defendant repeats, realleges and incorporates by reference each and every response contained in this Answer as if set forth fully and again herein.

53.     The allegations contained in Paragraph 53 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 53 of the Complaint.

54.     The allegations contained in Paragraph 54 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 54 of the Complaint.

55.     The allegations contained in Paragraph 55 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 55 of the Complaint.

56.     The allegations contained in Paragraph 56 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 56 of the Complaint.

57.     The allegations contained in Paragraph 57 are legal conclusions to which no response is required.

## AS TO PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Plaintiff, or any member of the putative class, is entitled to any relief whatsoever, including, but not limited to, any judgment or decree that the present case may be properly maintained as a class action, any monetary damages, injunctive relief, pre-judgment interest, attorneys' fees or costs.

## AFFIRMATIVE DEFENSES

Defendant in the alternative, and without prejudice to the denials and other statements made in its Answer to Plaintiff's Complaint, states the following Affirmative Defenses. By setting forth these affirmative defenses, Defendant does not assume the burden of proof as to any fact issue or other element of any cause of action for which Plaintiff bears the burden of proof. Moreover, Defendant reserves the right to rely upon additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Complaint and each purported claim contained therein are barred to the extent that Plaintiff or any member of the putative class provided consent for the alleged telephone messages.

## THIRD DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, ratification, and/or applicable statutes of limitations.

## FOURTH DEFENSE

Plaintiff's damages, and the damages of the putative class members, if any, have been caused by their own action or inaction, including, but not limited to, his/their provision of prior express consent to receive calls.

## FIFTH DEFENSE

Plaintiff and the putative class members have failed to mitigate their damages.

## SIXTH DEFENSE

Interpretations of the TCPA upon which Plaintiff's Complaint is based are unconstitutionally vague and overbroad and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provisions of the Fourteenth Amendment to the United States Constitution.

## SEVENTH DEFENSE

Any purported damages to Plaintiff or the putative class members, which Defendant denies, are the result of the acts or omissions of persons or entities over which Defendant has neither control nor responsibility.

## EIGHTH DEFENSE

Defendant may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed class. Defendant reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

## NINTH DEFENSE

The statutory penalties sought by Plaintiff and members of the putative class are excessive and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provision of the Fourteenth Amendment to the United States Constitution.

## TENTH DEFENSE

The matters that are the subject of this Complaint and the actions therein complained of are attributable to third parties over whom Defendant has no control or right to control, and recovery therefore is barred or limited.

## ELEVENTH DEFENSE

Defendant is not liable to Plaintiff or members of any putative class because Defendant acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

## TWELFTH DEFENSE

The Complaint and each purported claim contained therein are barred to the extent that Plaintiff or any member of the putative class lacks standing.

## THIRTEENTH DEFENSE

The Complaint and each purported claim contained therein are barred to the extent that the alleged telephone calls were not transmitted through an ATDS.

**WHEREFORE,** Defendant demands that the Complaint be dismissed in its entirety; that Plaintiff be ordered to pay Defendant's costs and attorneys' fees; and that Defendant be awarded such other and further relief as may be deemed just and proper.

Dated:  July 26, 2016

Respectfully submitted,

/s/ Christopher P. Coval

CHRISTOPHER P. COVAL
FENNINGHAM, STEVENS, DEMPSTER & COVAL LLP
809 Easton Road
P.O. Box M
Willow Grove, PA 19090
Telephone: (215) 659-2600
Facsimile: (215) 659-0238
Email: ccoval@fsdc-law.com

Joshua Briones (CA SBN 205293) (*pro hac vice forthcoming*)
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
2029 Century Park East, Suite 1370
Los Angeles, CA 90067
Telephone: 310-586-3200
Facsimile: 310-586-3202
Email: jbriones@mintz.com

Counsel for Defendants
LENDTUIT HOLDING CORPORATION, FINANCE AGENTS, INC. and TIMOTHY "TIM" MCCORMACK